CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
YOUNG J. KIM (Bar No. 264195)
Deputy Federal Public Defender
(E-Mail: Young_Kim@fd.org)
3801 University Avenue, Suite 700
Riverside, California 92501
Telephone: (951) 276-6346
Facsimile: (951) 276-6368

Attorneys for Defendant
STEVEN PITCHERSKY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN PITCHERSKY,<br><br>Defendant. | Case No. ED CR 19-00121-JGB<br><br>*EX PARTE* APPLICATION FOR EARLY TERMINATION OF SUPERVISED RELEASE; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER |

Defendant Steven Pitchersky hereby applies to this Honorable Court for an order terminating supervised release in the above-referenced case. This application is based on the attached memorandum of points and authorities, all files and records in this case, and such further information as may be provided to the court with respect to this application.

///

///

///

///

///

///

Defense counsel has communicated with Mr. Pitchersky's Probation Officer, John Kim and Assistant United States Attorney Jerry Yang about this application. Both Mr. Kim and AUSA Yang oppose this application.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 12, 2021          By  /s/ *Young J. Kim*
                                   YOUNG J. KIM
                                   Deputy Federal Public Defender

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Mr. Pitchersky was sentenced in this case, by the Honorable John R. Padova, on May 22, 2014.[1] He was sentenced to 51 months of incarceration, and 5 years of supervised release, under the terms and conditions of the U.S. Probation Office and General Orders 05-02 and 01-05; special assessment of $100; restitution in the amount of $3,242,888.00; full and continuing disclosure of income and financial dealings, including prohibitions against new credit charges or opening lines of credit without the approval of Probation, and a prohibition against encumbering or liquidating assets without the express approval of the Court; and, standard search. The 60-month period of supervised release was the maximum length of supervision under the applicable statute. Mr. Pitchersky was place on supervised release on March 24, 2017.

## II. BACKGROUND

Mr. Pitchersky is 72 years old. He is a brother, husband, father to two sons, and grandfather to two grandchildren who reside in Georgia. After graduating with honors from Pennsylvania State University in 1970, he spent the majority of his career as a self-employed businessman.

Mr. Pitchersky was first diagnosed with skin cancer in 1993, and has been living with it ever since. He has suffered for over 28 years with this disease and this pernicious form of cancer has led to other unfortunate consequences. Because of ongoing surgeries to retract and resect the cancerous growth, Mr. Pitchersky was prescribed opioids to manage the pain. By the early-2000s, the opioid use became abuse, which, as he would later understand it, reduced inhibitions and increased risk-taking behaviors, ultimately culminating in the wire fraud conviction.

///

---

[1]/ On April 12, 2019, Mr. Pitchersky's case was transferred from the Eastern District of Pennsylvania (Case No. 2:13-cr-00397-JP) to this District to complete his Supervised Release.

While incarcerated, Mr. Pitchersky participated in the Residential Drug Abuse Program ("RDAP"). It was here that Mr. Pitchersky was able to understand the harm his opioid addiction inflicted, and to delve into its effect on his personal relationships and the risks he would take in his professional affairs. In addition to RDAP, Mr. Pitchersky engaged in several enrichment programs offered within the institution, re-connected with his faith, strengthened his family bonds, and worked on self-improvement. Moreover, Mr. Pitchersky volunteered his time and assistance in the Chapel, ensuring that religious services were staffed and inmate's religious needs were met. Unfortunately, much time was also spent with numerous trips to outside hospitals for continuing cancer screenings and treatments.

Mr. Pitchersky spent 6 months in the Residential Reentry Center, and spent that time in continuing treatment, attending one individual and one group session per week.

As the date of this application, Mr. Pitchersky has completed over 48 months of supervised release.  He is in compliance with all of the terms and conditions of supervision.

### III. APPLICABLE LAW

Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." As such, early termination is a practice that holds promise as a positive incentive for persons under supervision and as a measure to contain costs in the judiciary without compromising the mission of public safety.

Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The Judicial Conference has identified the following criteria to assess eligibility for early termination:

Officers should consider the suitability of early termination for offenders

as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:

1. Stable community reintegration (e.g. residence, family, employment);
2. Progressive strides toward supervision objectives and in compliance with all conditions of supervision;
3. No aggravated role in the offense of conviction, particularly large drug or fraud offenses;
4. No history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);
5. No recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
6. No recent evidence of alcohol or drug abuse;
7. No recent psychiatric episodes;
8. No identifiable risk to the safety of any identifiable victim; and
9. No identifiable risk to public safety based on the Risk Prediction Index (RPI)

*Guide to Judiciary Policy*, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109) (rev'd 2010).

Pursuant to the policy, there is a presumption in favor of recommending early termination: for supervisees after the first 18 months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." *Id*. § 380.10(g)(emphasis added).

Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the

probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." *Id*.

## IV. MR. PITCHERSKY SATISFIES ALL THE CRITERIA FOR EARLY TERMINATION

Mr. Pitchersky satisfies the factors set forth above for early termination. He has completed 48 months of supervision and there is no further treatment or programming that supervision can offer him. There are minimal special conditions for Mr. Pitchersky and there is no further need for the government to monitor them. He has completed six months of halfway house and home detention, and was drug tested throughout this time. Additionally, due to Mr. Pitchersky's health he remains unemployed and his restitution is duly deducted from his social security income.

Beside the instant matter, Mr. Pitchersky does not have a criminal record. This crime, wire fraud, was committed between August 2009 and January 2011 - more than 10 years ago - and was one of opportunity that he is unlikely to repeat, particularly given his current health. There was nothing about his conviction or his crime that would indicate he poses any identifiable risk to the community or any particular victim. The probation department has had Mr. Pitchersky participate in a risk assessment evaluation and has deemed him Low Risk, designating him for low intensity supervision.

Mr. Pitchersky has shown stable community reintegration. He has close family ties, having reconnected with his former wife with whom he resides. Mr. Pitchersky has two grandchildren with whom he would like to spend time. Despite his good behavior

and compliance while on supervised release, the Probation Office has repeatedly denied his request to travel. The Probation Office has denied several requests for travel to the east coast to visit his grandchildren. Probation also denied requests to visit with his brother, Howard Pitchersky, while he was still alive and who was suffering from Alzheimer's Disease. He was also not allowed to attend Howard's funeral in March 2020, in New Jersey. Further, Mr. Pitchersky was not given permission to travel to Pennsylvania for the funerals of his in-laws.

Mr. Pitchersky's medical condition precludes work. See Mr. Pitchersky's doctor's letter attached as Exhibit 1. Over the past four years – and especially so during the past 11 months – his medical appointments have been difficult to schedule and attend. Mr. Pitchersky sees a specialist in San Diego and requires the Probation Office's permission to reach. Mr. Pitchersky is now undergoing surgeries every four months, on average. As such, it has become increasingly difficult to meet the requirement to schedule appointments and follow-up visits more than two-weeks in advance, particularly where shelter-in-place orders have necessitated last-minute cancellations. It is Mr. Pitchersky's hope that termination of supervised release will allow for travel to attend to his ongoing, chronic condition, including to the Cleveland Clinic or Memorial Sloan Kettering to explore treatments that might slow the recurrence of his cancer.

Further, continuing in the spirit of his pre-incarceration activities, prior to the coronavirus pandemic, Mr. Pitchersky continued to volunteer with numerous community organizations and his synagogue. *See* Letters of Support attached as Exhibit 2. Early termination of Mr. Pitchersky's supervised release would enable him to travel more freely for medical care, reconnect with his family on the East Coast, and perform his religious duties of visiting his infirmed brother, and visiting the graves of his parents and in-laws.

/ / /

## V. CONCLUSION

The Court is often called upon to impose serious consequences for defendants who violate supervised release. Mr. Pitchersky has completed every condition asked of him and has gone far beyond the requirements of his supervision. He has fully reintegrated into society and is a valued family member, and citizen. He has achieved stable community reintegration in terms of housing, family, and continuing medical care. He is in full compliance with all terms of supervision. He had no aggravated role in the offense, no violence or weapons in this offense, and is not using controlled substances. He has no psychiatric issues and underwent drug counseling and therapy sincerely and earnestly. As shown by the letters provided, he enjoys the support of his community. Mr. Pitchersky is an ideal candidate for early termination of supervised release based on every factor the Court must consider.

Given Mr. Pitchersky's commendable reentry into the community and performance on supervised release, he respectfully requests that the Court order that his term of supervision be terminated under 18 U.S.C. §§ 3564(c) and 3583(e).

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 12, 2021          By  /s/ *Young J. Kim*
                                   YOUNG J. KIM
                                   Deputy Federal Public Defender

## PROOF OF SERVICE

I, **DELFINA ARELLANO**, declare that I am a resident or employed in Riverside County, California; that my business address is the Office of the Federal Public Defender, 3801 University Avenue, Suite 700, Riverside, California 92501, (951) 276-6346; that I am over the age of eighteen years; that I am not a party to the action entitled above; that I am employed by the Federal Public Defender for the Central District of California, who is a member of the Bar of the State of California, and at whose direction I served a copy of the attached **EX PARTE APPLICATION FOR EARLY TERMINATION OF SUPERVISED RELEASE; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER** on the following individual(s) by:

| [ ] Placing same in a sealed envelope for collection and interoffice delivery addressed as follows: | [ ] Placing same in an envelope for hand delivery addressed as follows: | [ ] Placing same in a sealed envelope for collection and mailing via the United States Post Office addressed as follows: | [X] via E-Mail addressed as follows: |
|---|---|---|---|

**JOHN KIM, USPO**
[John_Kim@cacp.uscourts.gov]

This proof of service is executed at Riverside, California, on **April 12, 2021.**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

                                            */s/ Delfina Arellano*  .
                                            **Delfina Arellano**